IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

WILHELM LINDER, a/k/a WILLI
LINDER, et al.,

    Plaintiffs,

    v.

LIGGETT MYERS, R.J. REYNOLDS
CORPORATION, et al.,

    Defendants.

CIVIL NO. 02-2735 (RLA)

## ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

The Court has before it defendant R.J. REYNOLDS TOBACCO COMPANY's Motion for Judgment (docket No. 159) and plaintiffs' opposition (docket No. 160). Further, through separate Order, on September 30, 2005, the Court: a) disallowed plaintiffs' experts for noncompliance with Rule 26 Fed. R. Civ. P;  b) deemed admitted defendant R.J. REYNOLDS TOBACCO COMPANY's Statement of Undisputed Facts due to plaintiffs' failure to comply with Rule 26 Fed. R. Civ. P.; and c) struck the affidavit of plaintiff VIRGINIA VARGAS for contradicting her own previous sworn testimony.

After careful consideration of the arguments set forth in the aforementioned motions, and in view of the above exclusions as well as the requirements of Fed. R. Civ. P. Rule 56(e) and Local Rule 56(e), defendant's motions for summary judgment are hereby **GRANTED**.

## RULE 56(e)

Federal Rule of Civil Procedure 56(e) was designed to aid courts in the task of searching the record for genuine issues of material fact. García Miranda v. Lazoff Bros., Inc., 2004 WL 2238842 (D.P.R.)

(citing <u>García-Sánchez v. Román-Abreu</u>, 270 F. Supp.2d 255, 258 (D.P.R. 2003); <u>see also</u>, <u>Tirado v. Johnson & Johnson D.O.C., Inc.</u>, 240 F. Supp.2d 144 (D.P.R. 2003) ("The Court is not required to 'ferret through the record' looking [sic] for facts...."); <u>Stepanischen v. Merchants Despatch Transp. Corp.</u>, 722 F.2d at 922, 930 (1st Cir. 1983) (courts should not have to probe the record to find material facts); <u>Domínguez v. Eli Lilly & Co.</u>, 958 F. Supp. 721, 727 (D.P.R. 1997) ("Without specific references to the Record... Courts would have to continue to ferret through the record, read all the answers to the interrogatories, study all the attached documents, and carefully scrutinize all the depositions for lurking genuine issues of material facts."). Local Rules 56(b) - (e) have the same objective.

If the non-moving party violates Rule 56, the Court need only examine whether the moving party's facts are sufficient to entitle them to judgment as a matter of law. <u>Tirado</u>, 240 F. Supp.2d at 149. Thus, a plaintiff's failure to comply with Rule 56 may result in an adverse judgment. <u>See</u> <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001); <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 28 (1st Cir. 2000); <u>Ayala-Gerena v. Bristol Myers-Squibb Co.</u>, 95 F.3d 86, 95 (1st Cir. 1996); <u>Stepanischen</u>, 722 F.2d at 930; <u>Tirado</u>, 240 F. Supp.2d at 149; <u>Domínguez</u>, 958 F. Supp. at 728-30.

In <u>Morales</u>, the First Circuit Court of Appeals affirmed summary judgment against plaintiff for, among other things, non-compliance with Rule 56. Defendant had submitted to the District Court a

statement "meticulously enumerating some three dozen uncontested facts." 246 F.3d at 33-34.  Plaintiff responded by filing a statement of contested facts and his own statement of uncontested facts, both of which were deficient.   Two-thirds of plaintiff's facts were: (1) completely unsupported by record citations; or (2) references to entire depositions without specific page citations.  Consequently, the court granted summary judgment, stating, "Forgiving plaintiff's noncompliance with the local rule would undercut our efforts over the years to enlist counsel as aides to the court." Id. at 35.

    In Domínguez, the District Court of Puerto Rico also granted summary judgment due to plaintiffs' failure to follow Rule 56. Plaintiffs filed a twenty-five page list of contested facts "filled with speculation, generalities, conclusory assertions, improbable inferences, and ...a lot of 'hot air.'" 958 F. Supp. at 728.  The court noted, "plaintiffs fail[ed] in every sense of the word to substantiate their contested facts with proper and specific references to the Record." Id.  Some of plaintiffs' deficiencies included facts referring: (1) to exhibits without specific page citations; (2) to exhibits that did not support the alleged contentions; (3) to defendants' intentions and actions without evidentiary support; (4) to irrelevant issues.  Id. at 728-29. Therefore, the court in Domínguez deemed admitted defendants' corresponding uncontested facts.

    In this case, as in Morales and Domínguez, plaintiffs' statement of uncontested facts violated the procedural requirements of Rule 56.

Of plaintiffs' two hundred and twenty-nine responses (229), only four (4) cite specifically to pages or paragraphs in the record. See Pl. Resp. to Defs.' Statement of Undisputed Facts at n. 4, 6-7, 195. Plaintiffs objected to REYNOLDS' undisputed facts ninety-three (93) times; each time merely citing to exhibits generally; more often, failing to offer a cite at all. See id. at n. 22-50, 68-70, 108-46, 158-72, 175-76, 181, 195, 207-09, 216-18, 220-21, 224-26. Plaintiffs respond to another fifty-eight (58) facts with "not material" or "irrelevant." See id. at n. 51-63, 80-106, 183-94, 196-97, 199, 203-04, 206. Even plaintiffs' denials fail to cite specifically to the record. See id. at n. 107, 147-49, 152, 178-80, 182, 198, 200-02, 219, 227-29. Inasmuch as they do not admit, deny, or qualify REYNOLDS' facts, and they are not supported by proper record citation, these responses violate Rule 56. Notably, over ninety-eight percent (98%) of plaintiffs' answers fail to comply with the Local Rule.

Plaintiff VARGAS also violated Rule 56 when she failed to attach exhibits to her statement of contested facts and belatedly attempted to submit them electronically three days after filing her motions. The exhibits were physically filed nine (9) days after her opposition.

Most notably, plaintiffs violated the substantive purpose behind Rule 56, inasmuch as they did not assist the Court in identifying genuine issues of material facts because the exhibits are largely inadequate to support her facts. Many answers were premised on

**CIVIL NO. 02-2735 (RLA)**                                              **Page 5**

improper sources.  <u>See</u> P1. Resp. to Defs.' Statement of Undisputed Facts at n. 108-09, 148, 152-54, 178-80, 182, 195, 198-202, 219, 222-23, 227-29 (citing web-sites and journal articles without context). Others were supported by an affidavit from MS. VARGAS directly contradicting her prior deposition testimony.  <u>See</u> <u>id</u>. at n. 70-79; <u>compare</u> 1/04/05 V. Vargas Aff. at ¶ 1, <u>with</u> 5/24/04 V. Vargas Dep. at 31, 76-77 (asserting directly contradictory dates as to when she learned of Mr. Linder's cancer).  <u>See</u> <u>also</u>, <u>Morales</u>, 246 F.3d at 32 (disparities between affidavits filed in opposition to summary judgment and prior deposition testimony do not create genuine issues of fact); <u>Torres v. E.I. DuPont De Nemours & Co.</u>, 219 F.3d 13, 20-21 (1st Cir. 2000).

<u>CONCLUSION</u>

For the reasons set forth herein and in the Court's Omnibus Order No. 6 issued on September 30, 2005, defendants' Motions for Summary Judgment (docket Nos. **96** and **110**) and Motion for Judgment (docket No. **159**) are hereby **GRANTED.**

Judgment to issue.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 9th day of November, 2005.

        S/Raymond L. Acosta
         RAYMOND L. ACOSTA
       United States District Judge